(C.D. 4322)

C. J. TOWER & SONS OF BUFFALO, INC. *v.* UNITED STATES

(Dated January 6, 1972)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiff. *L. Patrick Gray, III,* Assistant Attorney General (*Andrew P. Vance,* trial attorney), for the defendant.

RICHARDSON, Judge: This action, involving the classification of sheets of metal said to be dutiable under TSUS items 806.30/620.12, was submitted to the court for disposition upon an agreed statement of facts. However, upon examination of the papers in Consumption Entry number 8499 dated September 13, 1965, on which this action is based, the court noted that the merchandise of the entry was appraised on February 26, 1970, the date of the appraiser's report, and that the entry was liquidated on April 17, 1970. Since liquidation of the entry occurred within 60 days of the date of the appraiser's report, liquidation was not made upon a *final appraised value* as mandated by 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953), and is, therefore, void, in consequence of which this action must be dismissed for prematurity. See *United States* v. *Boston Paper Board Co.,* 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc.* v. *United States,* protest 69/38803, C.D. 4301, decided December 1, 1971.

It is the duty of the district director of customs to liquidate the involved entry in the manner provided for by law so that the plaintiff may file a valid protest against said entry if it be so advised.